UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMERON LAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-290-NCC |
| ) | |
| STATE OF MISSOURI, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Cameron Lawson to proceed in the district court without prepaying fees or costs. ECF No. 2. Based on the financial information provided in the application, the Court will grant the motion and waive the filing fee. Furthermore, based on a review of the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperi*s if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal

construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action on a Court-provided 'Civil Complaint' form. ECF No. 1. In the caption of the complaint and in the section designated to list the parties to this action, he names the State of Missouri as the sole defendant. *Id.* at 1, 2. Under the section to provide his statement of claim, plaintiff indicates that on February 5, 2024 he experienced "kidnap, false imprisonment, [and] police brutality," and suffered from "bodily harm" and "emotional damages." *Id.* at 5. He provides no other factual information. For relief, he seeks monetary damages in the amount of "$999, 999, 999, 999." *Id.* at 4, 6.

Attached to his complaint are the following documents: (1) an eight-page paper titled, "Formal Challenge to the Twelve Presumptions of Law," (2) a letter to the Missouri Office of the Attorney General alleging the State of Missouri "is currently using JuJuan Lawson in a manner that infringes upon [his] exclusive rights," (3) a "Notice" to an unidentified person or entity declaring plaintiff is entitled to certain "natural rights as a man," and (4) two letters to the Governor of Texas and the Governor of Missouri regarding his "illegal detainment." ECF No. 1-1 to 1-5.

## Discussion

Plaintiff's complaint against the State of Missouri must be dismissed for failure to state a claim. The Court construes this action as being brought under 42 U.S.C. § 1983 because it seeks monetary damages for alleged violations of plaintiff's constitutional rights.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *Small v. Megabus*, No. 4:22-CV-00739-AGF, 2022 WL 4760342, at *5 (E.D. Mo. Oct. 3, 2022) ("Plaintiff's claim against the Missouri State Police is barred by the doctrine of sovereign immunity.").

Plaintiff's claim against the State of Missouri is a claim against a state. As noted above, however, a state is not a "person" for purposes of § 1983. Furthermore, suit against the State of Missouri is barred by the Eleventh Amendment. Therefore, plaintiff's complaint against the State of Missouri must be dismissed.[1]

To the extent plaintiff is intending to sue the local police department for any of his claims, such an action also fails. A police department is a subdivision of local government, and not a distinctly suable entity. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328

---

[1] Plaintiff previously brought an action against the State of Texas, which was dismissed on September 29, 2023 for the same reasons as here. *See Lawson v. State of Texas*, Case No. 4:23-CV-01213-MTS (E.D. Mo.).

F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Further, even if the municipality in which the police department is situated is substituted as the proper party, plaintiff has presented no facts as to an unconstitutional policy, custom, or failure to train. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. ECF No. 3. The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED** [ECF No. 2] and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order

Dated this 11th day of March, 2024.

*[signature]*

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE